IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATE OF NEW YORK,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **FACEBOOK, INC.** <br><br> Defendant. | Civil Action No. 1:20-cv-03589 (JEB) |

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO CONSOLIDATE**

Facebook does not meaningfully dispute that consolidation of this action and *Federal Trade Commission v. Facebook, Inc.*, 20 Civ. 03590 (the "FTC Action") is warranted. To the contrary, Facebook acknowledges that combining the two cases would increase judicial efficiency and reduce excess cost to Facebook and the government plaintiffs. Facebook concedes that the FTC Action should be transferred to this Court, that this Court should hear any motions to dismiss, and that this Court should have the ability to "set parallel case deadlines, including briefing schedules and hearings."

Moreover, Facebook does not identify any confusion or prejudice that would result from consolidation, either now or after a motion to dismiss. In fact, the only reason Facebook offers to delay consolidation is the possibility that this action could be subject to transfer by the Judicial Panel on Multidistrict Litigation ("MDL"). But transfer is certainly not appropriate for this governmental enforcement action, and splitting this case from the FTC Action after the governments' coordination to date through both investigation and litigation would be dilatory

and wasteful. Now is the time to consolidate the cases to avoid inefficiencies and delays, particularly as any future MDL attempts would be fruitless.

1.  **The cases should be consolidated now to maximize efficiency and convenience and minimize prejudice and confusion.**

Facebook does not dispute that both this action and the FTC Action (i) allege facts developed as part of coordinated investigations, (ii) challenge the same or similar actions by Facebook, and (iii) state claims of illegal monopolization under Section 2 of the Sherman Act in a market defined as personal social networking services in the United States. In addition, both complaints are brought in the public interest and seek similar equitable relief, including prohibiting the conduct and similar activity in the future, and requiring divestiture and prior notice for further acquisitions. *See* FTC Complaint at 51-52; State Complaint at 74-75. This consolidation is therefore appropriate and necessary. *See, e.g.*, *Moffett v. Prudential Life Ins. Co. of Am.*, No. 11-CV-00454 (RLW), 2011 WL 13250203, at *3 (D.D.C. Sept. 21, 2011) (holding that consolidation was appropriate with respect to complaints "alleging the same . . . violations against the same defendants and seeking the same relief"); *Walter O. Boswell Mem'l Hosp. v. Heckler,* 573 F. Supp. 884, 886 (D.D.C. 1983) ("Inasmuch as plaintiffs attack the regulation on the same grounds and seek identical relief, the cases have been consolidated for trial").

Facebook also concedes that this Court should decide its likely forthcoming motions to dismiss both the States' and the FTC's complaints. This concession also makes sense: this Court should decide any and all motions to dismiss that Facebook may file in order to reduce the chances for confusion and uncertainty. *See, e.g., Chang v. U.S.*, 217 F.R.D. 262, 266-67 (D.D.C. 2003) ("Far from rendering this litigation more unwieldy, consolidation would increase efficiency by reducing the possibility of duplicative discovery and by achieving judicial

economy in the adjudication of potentially dispositive motions involving similar material facts, a single group of actors present during the events at issue, and common questions of law.")

Despite these concessions, Facebook asks the court to delay the ordinary and prudent course of consolidation simply to retain the possibility that Facebook might later move to transfer this proceeding to an MDL – notably, an action Facebook could take today if it desired. Facebook, however, asks this Court to kick the can down the road while providing no example of any other courts that have taken this novel approach of reassignment without consolidation. In fact, joint antitrust enforcement proceedings between the federal government and state authorities routinely proceed as consolidated actions. *See, e.g., Colorado v. Google LLC,* 20 Civ. 3715, Dkt. No. 67, (D.D.C., Jan. 7, 2021) (consolidating federal and state antitrust actions against Google for pretrial purposes); *United States v. Microsoft Corp.,* 98 Civ. 1232, 1998 WL 614485 (D.D.C. Sept. 14, 1998) (noting that the court had consolidated the federal and state antitrust actions against Microsoft, and that the governments sought "virtually the same" injunctive relief).

Facebook also misstates the impact of delaying consolidation when it contends that: "In the period preceding Facebook's date for an initial response to the complaints (February 8, 2021) in these two government actions, there will be no activities for which consolidation would promote efficiency." Dkt. No. 80 at 5. First, the delay proposed by Facebook will extend well beyond February 8, 2021. At Facebook's request, the States and the FTC jointly agreed on December 31, 2020 to extend Facebook's deadline to respond to the complaints until March 10, 2021.

Second, it is inaccurate to suggest that "there will be no activities for which consolidation would promote efficiency," before a decision on any motion to dismiss. Time is of the essence

in this matter, and it is the position of the States and the FTC that this litigation must move expeditiously. The FTC's and States' complaints contain significant examples of anticompetitive conduct by Facebook revealed by their coordinated investigations, and the harm caused by that conduct is ongoing. It is unlikely that these claims will be dismissed in their entirety; Facebook itself has only predicted that "it is possible that some claims and parties" may be dismissed. Dkt. 80 at 3. In addition, both complaints seek equitable relief, including the divestiture of WhatsApp and Instagram, and in the face of this existential threat to its business model, Facebook is pressing ahead with further integration of these companies so that it can argue that the relief requested is not possible.[1]

In light of the need for prompt action in this case both the FTC and the States have asked Facebook for an expeditious Rule 26 conference regardless of any motion to dismiss. To date, however, Facebook has taken the position that the factfinding must be delayed for several months because it may file motions to dismiss. If Facebook continues to take this position, the States and the FTC anticipate filing substantially identical motions before this Court and Judge Cooper, explaining why time is of the essence and requesting that Facebook be ordered to meet and confer with them on these matters. The States respectfully submit that it would be preferable to have one judge rule on these motions and to enter a subsequent consolidated Protective Order and Case Management Order.

**II.     MDL transfer is not appropriate and should not delay consolidation**

Facebook asserts vaguely that "[t]he potential for transfer" under 28 U.S.C. § 1407 is an additional basis to defer consolidation. Dkt. No 80 at 4. There is, however, no pending motion

---

[1] On Monday, January 4, for example, Facebook changed WhatsApp's terms of service and privacy policy to integrate it more closely with Facebook.
https://www.whatsapp.com/legal/updates/privacy-policy/?lang=en

to transfer under Section 1407 and, as a consequence, this assertion is speculative at best. Moreover, even if Facebook were to follow this course at some point in the future, its attempt to transfer would be unlikely to succeed.

Facebook fails to mention that Section 1407 (g) states: "Nothing in this section shall apply to any action in which the United States is a complainant arising under the antitrust laws." Accordingly, the FTC Action could not be part of an MDL consolidation in any event and splitting the FTC and State actions would hinder rather than foster judicial efficiency.

The rule that 28 U.S.C. § 1407 (g) precludes consolidation for federal antitrust litigation is based on "a clear public policy of prioritizing prompt resolution of Government antitrust claims to provide expeditious relief to the public over possible efficiencies to be gained from consolidation with private antitrust damages actions."  *U.S. v. Dentsply Int'l., Inc*., 190 F.R.D. 140, 145 (D. Del. 1999) (citing the legislative record for 28 U.S.C. § 1407 (g) in declining to consolidate government and private plaintiff claims under Fed. R. Civ. P. 42).  "To treat the Government differently is not arbitrary, for the purpose of the governmental suit normally differs from that of a private suit; the Government seeks to protect the public from competitive injury, while private parties are primarily interested in recovering damages for injuries already suffered."  H.R. REP. No. 90-1130, at 8 (1968), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1905, 1968 WL 4929.  The States are bringing this action in their sovereign and quasi sovereign capacities to enforce relevant law and to safeguard the wellbeing of the States and their residents; like the FTC, they are seeking expeditious equitable relief.  This differs from the private actions, which seek damages.  In addition, the complaints filed by the States and FTC are the product of a long, close cooperative investigation of Facebook's actions, including joint investigative hearings.  Facebook offers no support for the idea that the JMPL would ignore this this history of

coordination, the significant differences between the government actions and the private actions, and the inefficiency, cost, and delay that would result from dividing these government actions.

The only case that Facebook cites in support of its assertion that the States' litigation could be subjected to MDL consolidation is *In re Generic Pharms. Pricing Antitrust Litig.*, 2017 WL 4582710, at *2 (J.P.M.L. Aug. 3, 2017). That decision is inapposite: in that case, there was no parallel federal civil proceeding at all, and the only question was whether the standalone states' action (which seeks monetary restitution for past collusive price fixing), should be combined with civil proceedings for money damages. Facebook's citation to that litigation is telling, however. Nearly three and a half years after the JMPL consolidated that litigation, the docket of the resulting MDL stands at 1648 entries and 153 pre-trial orders, and depositions have not commenced. A similar outcome might benefit Facebook, but it would not benefit the public and it certainly would not promote governmental and judicial efficiency.

Finally, Facebook has made much of the States' and FTC's pro forma related case filings, which are required under Local Rule 40.5(b)(2) where another case "involves common issues of fact" or "grows out of the same event or transaction." Filing of that form, however, does not involve any analysis or contemplation of whether the listed cases might be suitable candidates for consolidation. The States take no position on whether the listed cases are suitable for consolidation with each other, but it is clear that the cases are *not* suitable candidates for consolidation with the States' and FTC complaints, as discussed above.

## IV.     Conclusion

For the reasons set forth in its opening memorandum and above, the States respectfully submit that the Court should exercise its discretion to consolidate the two actions now, in the interests of efficiency and convenience of the Court and the parties, and to minimize confusion

and prejudice. The States believe (and the FTC concurs) that the actions should be consolidated through trial, but at a bare minimum, the actions should be consolidated now for any upcoming motions to dismiss and for all discovery and pre-trial practice.

                                            Respectfully submitted,

Dated: January 11, 2021

By: /s/ Kevin Wallace
Kevin Wallace, Esq.
Amber Wessels-Yen, Esq.
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6376
Email: kevin.wallace@ag.ny.gov
amber.wessels-yen@ag.ny.gov
beatriz.marques@ag.ny.gov

*Attorneys for Plaintiff*
*State of New York*

Arthur T. Durst, Esq.
(D.C. Bar No. 888273305)
Office of the Attorney General for the District of Columbia
400 6th Street, N.W.
Washington, D.C. 20001
Telephone: (202) 442-9853
Email: arthur.durst@dc.gov

*Attorney for Plaintiff*
*District of Columbia*