IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATE OF NEW YORK**, *et al*,<br><br>  Plaintiffs,<br><br>  v.<br><br>**FACEBOOK, INC.**<br><br>  Defendant. | Civil Action No. 1:20-cv-03589 (JEB) |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL A RULE 26(f) MEET-AND-CONFER**

Plaintiff States request that Defendant Facebook be ordered to meet and confer, pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3(c), with the States and the Federal Trade Commission by May 20, 2021, and that the parties be ordered to submit a case management Report and Proposed Order to the Court by June 3, 2021. Doing so would allow the parties to use their time efficiently, ensuring that this litigation can proceed expeditiously. For the reasons set forth below and in the motion filed by the FTC in its coordinated action, *FTC v. Facebook, Inc.*, No. 20 Civ. 3590, this Court has broad discretion to move forward this matter of significant public importance that impacts other actions around the country. The States respectfully submit that this litigation should move quickly, notwithstanding Facebook's continuing efforts to delay the cases against it.[1]

---

[1] Facebook refused to meet and confer on case management issues both this week and in February 2021. And while Facebook is not required to meet and confer under the local rules, the company has refused to take reasonable steps that would ensure that this case proceeds efficiently and consistently with related matters filed in other jurisdictions.

I.  **THE COURT HAS BROAD DISCRETION TO MANAGE THIS LITIGATION**

The District Court is vested with "broad discretion to manage the conduct of discovery." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citing Fed. R. Civ. P. 26). The purpose of the scheduling conference and the ensuing scheduling order is to expedite "disposition of the action[,]" to establish "early and continuing control" in order to avoid any protraction in the litigation, and to discourage "wasteful pretrial activities[.]" Fed. R. Civ. P. 16(a)(1)–(5). Rule 16(b) requires that a scheduling order be issued as soon as practicable, but in any event within the earlier of 90 days after any defendant has been served with the initial complaint in the action or 60 days after any defendant has appeared. *Id*. 16(b). Additionally, "the parties must confer as soon as practicable–and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)," *id.* 26(f)(1), and submit to the Court a joint discovery plan, which puts the Court "in a better position to devise an appropriate Rule 16(b) order for the case." Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2051.1 (3d ed.). Finally, while the Local Rules stay discovery where "no answer has yet been filed," LCvR 16.3(b), they also reaffirm the Court's discretion not only to meet, but to exceed the timeframes established the by national rules, *see* LCvR 16.3(a), (d) (court may require early submission of 26(f) conference or discovery plan submission to meet an expedited schedule).

II. **THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER A RULE 26 MEET-AND-CONFER**

The States—46 separate states, the District of Columbia, and Guam, to be precise—are bringing a *parens patriae* suit in the public interest to address broad-based, ongoing harms caused by Facebook's monopolization of Personal Social Networking Services. As long as Facebook's anticompetitive conduct goes unaddressed, more than half of Americans over 13

2

who use Facebook daily to share important milestones with friends and family will be subjected to continuing harm, including decreased privacy protections and higher ad loads. In addition, potential competitors and advertisers will continue to be harmed by Facebook's ongoing monopoly maintenance scheme, as will the economies of the States, even as Facebook makes billions of dollars in U.S. revenue every year. *See also Biden v. Knight First Amendment Inst. at Columbia Univ.*, No 20-197, 593 U.S. __, Slip Op. at 7 (Apr. 5, 2021) (Thomas, J. concurring) ("Ordinarily, the astronomical profit margins of [Facebook and other digital platforms] . . . would induce new entrants into the market. That these companies have no comparable competitors highlights that the industries may have substantial barriers to entry."). The States and FTC accordingly are seeking to end these continuing harms as expeditiously as possible.

In response to the States' and FTC's investigation and litigations, as well as numerous private actions consolidated in *Klein v. Facebook*, No. 20 Civ. 8570 (LHK)(N.D. Cal. filed Dec. 3, 2020) Facebook's primary strategy has been to delay. In *Klein*, Facebook asserted that the States' and FTC's lawsuits should proceed more quickly than the related private actions in the Northern District of California, but sought to delay trial in that action until at least 2025.[2] Accordingly, Facebook moved to stay all private litigation discovery and/or delay merits discovery until late 2022. Those efforts were unsuccessful: discovery is now commencing in *Klein*, despite the fact that Facebook's motion to dismiss in that matter will not be fully briefed until July of this year, and that court has set a trial date of March 27, 2023.

---

[2] One of Facebook's contentions in support of this delayed schedule was that the governments' cases against Facebook would not be ready for trial until 2024. The States and the FTC strongly disagree with this proposition and are alarmed by that contention. We are confident that this matter can be ready for trial in advance of the March 2023 trial date set in the *Klein* matter.

The Plaintiff States agree with the FTC and Facebook that trial of the governments' cases should precede the private cases. They also agree with the FTC and Facebook (and the private plaintiffs), that some degree of coordination between the litigations will be necessary. In particular, the States believe that confidentiality issues need to be expeditiously resolved and coordinated to protect third parties. In order to keep both the governments' and the private plaintiffs' litigations on track, we also need efficient deadlines that avoid unnecessary delay. A Rule 26 meet-and-confer will move the litigations towards these ends.

## CONCLUSION

For the reasons explained above and in the FTC's Motion to Compel filed today, as reflected in the attached Proposed Order, the States respectfully requests that the Court order the parties to confer no later than May 20, 2021, and submit to the Court no later than June 3, 2021 a case management Report and Proposed Order.

Dated: April 22, 2021            Respectfully submitted,

*/s/ Kevin Wallace*
Kevin Wallace, Senior Enforcement Counsel,
   Economic Justice Division

Christopher D'Angelo (D.C. Bar No. 502220), Chief
   Deputy Attorney General, Economic Justice Division
Elinor R. Hoffmann, Chief, Antitrust Bureau
Amber Wessels-Yen, Assistant Attorney General
Benjamin Cole, Assistant Attorney General

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6376
Email: Kevin.Wallace@ag.ny.gov

*Attorneys for Plaintiff State of New York*