IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 1:20-cv-03589-JEB |

**FACEBOOK, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Facebook, Inc. hereby notifies this Court of the decision of the United States District Court for the Northern District of California in *Reveal Chat Holdco LLC v. Facebook, Inc.*, No. 5:20-cv-00363-BLF, ECF No. 115 (N.D. Cal. Apr. 26, 2021) (attached as Exhibit A). Facebook cited the earlier decision in *Reveal Chat*, which dismissed the plaintiffs' claims without prejudice, in its memorandum and reply brief in support of its motion to dismiss the States' claims. *See Reveal Chat Holdco, LLC v. Facebook, Inc.*, 471 F. Supp. 3d 981, 991-92, 996 (N.D. Cal. 2020). The most recent *Reveal Chat* decision, which dismissed the plaintiffs' amended complaint with prejudice, provides additional support for Facebook's argument that the doctrine of laches bars the States' antitrust claims. *See* FB States Br. 8-12, ECF No. 114-1; FB FTC Reply 8-13, ECF No. 123.

In *Reveal Chat*, the district court determined that the plaintiffs' allegations – namely, that, "[b]eginning in the fall of 2011," Facebook "devised a scheme" that involved "remov[ing] access to the APIs that were central to [third-party] applications" on Facebook's Platform, Ex. A at 2 –

were barred by the Clayton Act's four-year statute of limitations. *See id.* at 9-10. The court noted that the public removal of API access to certain apps – and the alleged injury it inflicted – "was clear to Plaintiffs when it occurred" (allegedly in 2015). *Id.* at 14. As directly relevant here, the court "reiterate[d] its previous finding that 'the doctrine of laches applies to the instant case', and the same 'four-year statute of limitations in 15 U.S.C. § 15b furnishes a guideline for computation of the laches period.'" *Id.* at 10 (citation omitted) (quoting *Reveal Chat*, 471 F. Supp. 3d at 991-92).

The *Reveal Chat* decision and its reasoning support Facebook's argument that the States' claims – which, like the *Reveal Chat* plaintiffs' claims for injunctive relief, are brought under Section 16 of the Clayton Act – should be dismissed under the doctrine of laches. The district court determined that laches applied based on "the face of the complaint and matters judicially noticeable." Ex. A at 7; *see also id.* at 16 (applying a statute of limitations and laches defense – even without "a more developed record" – because the plaintiffs' "entire theory of liability is based on completed acts by Facebook beyond the limitations period"). And the court rejected the plaintiffs' argument that Facebook's conduct and maintenance of its alleged Platform policies and agreements amounted to a "continuing violation" that renewed the running of the statute of limitations and laches period. *Id.* at 10-11.

                                              Respectfully submitted,

| | |
|---|---|
| April 27, 2021 | /s/  *Mark C. Hansen*<br>Mark C. Hansen (D.C. Bar No. 425930)<br>Aaron M. Panner (D.C. Bar No. 453608)<br>Geoffrey M. Klineberg (D.C. Bar No. 444503)<br>Leslie V. Pope (D.C. Bar No. 1014920)<br>L. Vivian Dong (D.C. Bar No. 1722506)<br>Alex A. Parkinson (D.C. Bar No. 166695)<br>Ana Nikolic Paul (D.C. Bar No. 1531904)<br>Julius P. Taranto (D.C. Bar No. 230434)<br>KELLOGG, HANSEN, TODD,<br>  FIGEL & FREDERICK, P.L.L.C.<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>Tel: (202) 326-7900<br>mhansen@kellogghansen.com<br><br>*Counsel for Defendant Facebook, Inc.* |