## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>FACEBOOK, INC.,<br><br>     Defendant. | Case No. 1:20-cv-03589-JEB |

### FACEBOOK, INC.'S MEMORANDUM IN OPPOSITION
### TO PLAINTIFFS' MOTION TO COMPEL A RULE 26(f) MEET-AND-CONFER[1]

After waiting almost a decade to bring claims and after waiting for four months after

filing its complaint, the FTC now demands that this Court ignore the Local Rules and commence

discovery before the Court has ruled on Facebook's pending motion to dismiss.  The State

Plaintiffs make the same demand.  But neither the FTC nor the States have the authority to

proceed here, their claims lack plausible legal and factual support, and their complaints should be

dismissed entirely as set forth in Facebook's pending motions to dismiss.  *See* Facebook Mem. in

Support of Mot. To Dismiss, *FTC v. Facebook, Inc.*, No. 1:20-cv-03590-JEB, ECF No. 56-1;

Facebook Mem. in Support of Mot. To Dismiss, *New York v. Facebook, Inc.*, No. 1:20-cv-

03589-JEB, ECF. No. 114-1.

The Court's Local Rules establish a sensible cadence for the conduct of these cases –

should the Court determine that there are cases to conduct.  Under those Rules, there is no Rule

---

[1] Because both the Federal Trade Commission, Plaintiff in *FTC v. Facebook, Inc.*, No.
1:20-cv-03590-JEB, and the State Plaintiffs in *New York v. Facebook, Inc.*, No. 1:20-cv-03589-
JEB, have filed motions requesting identical relief and making nearly identical arguments,
Facebook has submitted this opposition brief in each action.

26(f) conference commencing discovery until *after* Facebook has filed an answer, and no answer

can be filed until after the Court has decided the pending motions to dismiss.  Plaintiffs'

suggestion that the Local Rules do not apply or need not be followed is incorrect and

unsupported by any authority.  *See infra* Point I.

Plaintiffs' claimed reasons for departure from the orderly sequencing dictated by the

Local Rules are similarly strained.  There is no emergency here requiring expedited

commencement of discovery.  Plaintiffs' basis for rushing is the speculative concern that related

class actions against Facebook have an initial schedule calling for trial in *two years*.  Plaintiffs

say that discovery must start now to avoid the possibility that the class cases will be tried ahead

of the cases here.  *See* FTC Mem. in Support of Mot. To Compel at 4-5, No. 1:20-cv-03590-JEB,

ECF No. 63-1 ("FTC Br."); States Mem. in Support of Mot. To Compel at 3, No. 1:20-cv-03589-

JEB, ECF No. 125-1 ("States Br.").  But the *Klein* case trails Plaintiffs' cases – the operative

*Klein* class complaints were just filed, and motions to dismiss will not even be fully briefed until

July.  Discovery there has *not* started (contrary to what Plaintiffs claim).  The plethora of

differing parties and theories in *Klein*, the complexities of class treatment, and the substantial

caseload of the Northern District of California make it all but certain that the initial schedule will

be changed – as frequently occurs.  The notion that *Klein* will be tried at all is chimerical:  such

cases are very rarely tried and are frequently dismissed or fail class certification.  *See*, *e.g.*,

*Reveal Chat Holdco LLC v. Facebook, Inc.*, 2021 WL 1615349 (N.D. Cal. Apr. 26, 2021)

(recently dismissing with prejudice antitrust class action against Facebook).

If Plaintiffs are correct that their cases should be tried before any private case, and if a

competing trial ever actually materializes, they can move to stay it (as the government frequently

does in private civil actions).  Their claimed worry – years before any such trial, based on a

preliminary schedule – is simply not a valid reason for this Court to leapfrog the Local Rules to

rush into discovery in cases where the Court has not even decided whether any of Plaintiffs'

claims can be litigated.  It is likewise not a valid reason to jam Facebook with an unfairly rushed

schedule.  *See infra* Point II.

Plaintiffs chose to site their actions in this District:  they should therefore expect to

comply with its Local Rules.  Like their complaints, the instant motions lack legal or factual

substance.  They should be denied.

## BACKGROUND

On December 9, 2020, the FTC, and a group of 48 states and territories (collectively, the

"State Attorneys General" or "States"), each filed a complaint against Facebook alleging that it

violated antitrust laws.  The FTC alleges that Facebook's acquisitions of Instagram (2012) and

WhatsApp (2014), as well as former policies governing application developers' access to some

Facebook data, unlawfully maintained a monopoly of a purported market for "personal social

networking" in violation of Section 2 of the Sherman Act.  Compl., *FTC v. Facebook, Inc.*, No.

1:20-cv-03590-JEB, ECF No. 3.  The State Attorneys General claim that the two acquisitions –

which the FTC reviewed and cleared, and does not directly challenge – violated Section 7 of the

Clayton Act.  The States also echo the FTC's Section 2 claim.  Compl., *New York v. Facebook,

Inc.*, No. 1:20-cv-03589-JEB, ECF No. 4.

On June 18, 2019, the FTC notified Facebook that it was conducting an investigation of

Facebook's compliance with federal antitrust law.  Over approximately the next 18 months, it

issued broad discovery requests that together included more than 200 specifications or

sub-specifications that sought information about, in substance, nearly every aspect of Facebook's

business over the course of 12 years.  In response to the FTC's requests, Facebook produced

more than 3 million documents totaling more than 12 million pages, and provided hundreds of pages of detailed narrative responses and internal data sets.  On top of this, 18 of Facebook's most senior executives appeared for Investigative Hearings that spanned 24 days and more than 150 hours.  The State Attorneys General conducted a parallel and similarly extensive investigation, including additional depositions and separate narrative responses.

Although they filed their cases separately, Plaintiffs soon moved to consolidate them for all purposes, including discovery and trial.  *See* States Mem. in Support of Mot. To Consolidate at 1, 3, No. 1:20-cv-03589-JEB, ECF No. 45-1; States Reply Mem. in Support of Mot. To Consolidate at 7, No. 1:20-cv-03589-JEB, ECF No. 96 (requesting consolidation "through trial").  Facebook opposed premature consolidation as unsupported by the Federal and Local Rules.  *See* Facebook Mem. in Response to Pls.' Mot. To Consolidate at 1, No. 1:20-cv-03589-JEB, ECF No. 80.  The Court ruled on January 13, 2021, that the motion would be "held in abeyance."  Min. Orders, Nos. 1:20-cv-03589-JEB & 1:20-cv-03590-JEB (Jan. 13, 2021).

Facebook filed motions to dismiss both complaints on March 10, 2021, Plaintiffs filed their opposition briefs on April 7, and Facebook replied on April 21.  The motions are now fully briefed.  If granted, Facebook's motions to dismiss would dispose of both cases in their entirety.  If not granted in full, the motions could also result in the elimination of some claims (*e.g.*, one or both Section 7 acquisition claims) or theories (*e.g.*, refusal to deal with rivals) that would significantly narrow the scope of appropriate discovery.

In a conference with counsel for Facebook on January 8, 2021, counsel for Plaintiffs stated that they expected to proceed immediately with discovery and asked for dates for a Rule 26(f) discovery conference.  When counsel for Facebook informed them that the Local Rules do not provide for such a conference before the filing of an answer, Plaintiffs' counsel stated that

because of the "importance" of these cases they planned to seek a variance from the Local Rules. But Plaintiffs did not proceed with their threatened motion at that time.

However, on April 14, 2021, as Facebook prepared to submit its reply briefs in support of its motions to dismiss both cases, Plaintiffs reprised their demand for immediate commencement of discovery. This time, Plaintiffs based the demand on a purported need to stay ahead of the private *Klein* antitrust class actions against Facebook in the Northern District of California. The instant motions followed.

## DISCUSSION

I.  **THIS DISTRICT'S LOCAL RULES PROVIDE FOR NO RULE 26 CONFERENCE UNTIL AFTER AN ANSWER IS FILED**

Plaintiffs cannot (and do not) claim that the relief sought in their motions comports with the Local Rules. Those Rules dictate that *no* Rule 26(f) conference can be required before the Court has ruled on motions to dismiss and Defendant has answered. Federal Rule 26(f)(1) provides that parties should confer "as soon as practicable — and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Rule 16(b), in turn, states that, "[e]xcept in categories of actions *exempted by local rule*," a judge "must issue [a] scheduling order as soon as practicable." Fed. R. Civ. P. 16(b)(2) (emphasis added). Here Local Rule 16.3(b) expressly provides just such an exemption: in this Court, "[t]he requirements of . . . Fed. R. Civ. P. 16(b) and 26(f)[] *shall not apply* in cases in which no answer has yet been filed." LCvR 16.3(b) (emphasis added). As a result, under the Local Rules of this District, no Rule 26(f) conference is required until after Facebook has filed an answer.

This rule embodies the "eminently logical" principle that "discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the

Complaint is pending." *Chavous v. Dist. of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201

F.R.D. 1, 2 (D.D.C. 2001) (internal quotation marks omitted).  Whether to permit discovery at

all, or what discovery should be provided as "relevant to [a] party's claim or defense," Fed. R.

Civ. P. 26(b)(1), is sensibly deferred until after resolution of motions to dismiss and, if the

motions are not granted, after the defendant answers.

Courts within this District *uniformly* reject attempts to deviate from Local Rule 16.3(b),

which embodies this reasoned and efficient approach.  *See*, *e.g.*, Min. Order, *Plackett v. Wash.*

*Deluxe Bus, Inc.*, No. 1:19-cv-00794-CJN (D.D.C. Sept. 27, 2019) (denying similar motion);

Min. Order, *Klayman v. Fox*, No. 1:18-cv-01579-RDM (D.D.C. Oct. 9, 2018) (same); Min.

Order, *Stanton v. Yount*, No. 1:17-cv-01480-CKK (D.D.C. Oct. 19, 2017) (same); *see also Sai v.*

*Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 56, 58 (D.D.C. 2015) (denying, among other

discovery motions, a motion "to compel Defendants to participate in a Rule 26(f) conference"

because the "resolution" of certain "threshold motions" would "likely define the scope of

discovery"); *Citizens for Resp. & Ethics in Wash. v. Exec. Office of the President*, 2008 WL

2932173, at *5 (D.D.C. July 29, 2008) (denying a motion to compel a Rule 26(f) conference,

finding "no reason to diverge from the schedule set forth in the Federal Rules of Civil

Procedure").  At least one court in this District has rejected even a *joint* attempt to initiate

discovery planning while a motion to dismiss was pending.  *See* Min. Order, *Comm. to Defend*

*the President v. FEC*, No. 1:18-cv-00888-RDM (D.D.C. July 23, 2018) (explaining a "Joint

Proposed Scheduling Order and Discovery Plan" was "premature" until after the Court ruled on

"Defendant's motion to dismiss").

Plaintiffs cite no authority for deviation from the Local Rules and no case from this

District granting the relief they seek.  Facebook is aware of no such case.  Tellingly, Plaintiffs

instead rely (*see* FTC Br. 3 & n.2) on decisions from courts in other districts with no local rule

equivalent to this District's Local Rule 16.3(b).  Those cases are obviously irrelevant.

Plaintiffs implausibly suggest that they seek only a Rule 26(f) conference and not to

actually begin discovery.  But the sole purpose of the Rule 26(f) conference is to begin the

discovery process.  Plaintiffs argue that there is no reason to wait because Facebook's motions to

dismiss "cannot narrow the issues" where the FTC brought a "single claim" and the States

challenge a "single course of conduct."  FTC Br. 7; *see also* States Br. 3.  This too is irrelevant as

well as wrong.  The Local Rule defers discovery until after the Court has determined whether

there is a facially sufficient claim, not only in circumstances where "narrow[ing]" may occur.

And, here, narrowing may occur:  there are multiple claims (Sherman Act Section 2, Clayton Act

Section 7) and multiple theories with multiple elements (relevant market, market power, several

different allegations of exclusionary conduct), rulings on which would certainly focus and may

limit the scope of any discovery in the event the Court does not dismiss the cases in full (as it

should).

## II.   PLAINTIFFS' CLAIMED REASON FOR IGNORING THE LOCAL RULES IS GROUNDLESS

Plaintiffs have not provided a credible reason to even consider deviating from the Local

Rules.  Plaintiffs base their argument on the spectral possibility that the *Klein* case might be tried

two years from now in the Northern District of California, before the cases in this Court can be

tried.  *See Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK (N.D. Cal. 2020).  But the claimed

"urgent" need to coordinate with the *Klein* class actions is pretextual.

*First*, *Klein* is not ahead of but behind the cases pending in this Court.  The plaintiffs in

*Klein* only recently (on April 22) filed operative consolidated complaints.  *See* Consol.

Consumer Class Action Compl., *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK, ECF No. 87

(N.D. Cal. Apr. 22, 2021); Consol. Advertiser Class Action Compl., *Klein v. Facebook, Inc.*, No.

5:20-cv-08570-LHK, ECF No. 86 (N.D. Cal. Apr. 22, 2021).  Facebook will move to dismiss the

class complaints in that case, which are similar to other cases that have previously been

dismissed in that court.  *See generally Reveal Chat*, 2021 WL 1615349; *Reveal Chat Holdco,*

*LLC v. Facebook, Inc.*, 471 F. Supp. 3d 981 (N.D. Cal. 2020); *Facebook, Inc. v. Power Ventures,*

*Inc.*, 2010 WL 3291750 (N.D. Cal. July 20, 2010).  The motions to dismiss the *Klein* complaints

will not be fully briefed until July 1, 2021.  Nor has discovery begun in *Klein*, as the FTC (at 3-

4) and the States (at 3) claim.  The Court in *Klein* ordered Facebook only to turn over documents

*already produced* to the FTC and the House of Representatives.  *See* FTC Mot. To Compel Ex.

A at 1, No. 1:20-cv-03590-JEB, ECF No. 63-2.  Otherwise, discovery has not opened:  counsel

in *Klein* have not scheduled, much less conducted, a Rule 26(f) conference necessary to begin

discovery.  Any discovery in *Klein* will undoubtedly focus first on class certification, which

involves complex questions of law and fact that are likely to occupy a significant period of time

at the early stages of the case.

     *Second*, the *Klein* trial date (March 27, 2023) is not set in stone.  *See* FTC Br. 4.  While

the *Klein* court issued an initial schedule with a trial date, as is that judge's practice, the dates in

that schedule – including the trial date – may well slip as the case proceeds.  *Compare*, *e.g.*, Case

Management Order, *In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, ECF No.

88 (N.D. Cal. Oct. 26, 2011) (initially setting trial for June 10, 2013), *with* Case Management

Order, *In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509-LHK, ECF No. 986 (N.D. Cal.

Sept. 8, 2014) (rescheduling trial for nearly two years later, April 9, 2015); *also compare* Case

Management Order, *Rider v. Moving Solutions, Inc.*, No. 5:17-cv-04015-LHK, ECF No. 35

(N.D. Cal. Mar. 7, 2018) (initially setting trial for July 1, 2019), *with* Case Management Order,

No. 5:17-cv-04015-LHK, ECF No. 141 (N.D. Cal. Oct. 9, 2019) (rescheduling trial for nearly

two years later, April 12, 2021).

*Third*, it is far too early to tell if *Klein* will *ever* go to trial, much less go to trial only two

years after the filing of an operative complaint.  Plaintiffs cite no antitrust class action similar to

*Klein* that has ever gone to trial in the Northern District of California, and trials of sprawling

multi-class actions are exceedingly rare.  Facebook expects *Klein* to be dismissed, if not on a

Rule 12(b)(6) motion, then at class certification or on summary judgment under Rule 56.  But if

*Klein* turns out, against all odds, to be an outlier and actually reaches trial in that court, it may

well take far longer than two years to get there.

*Fourth*, there is no emergency requiring action now.  According to Plaintiffs, the problem

arises – if at all – only if *Klein* proceeds to trial two years from now and the cases here are not

yet ready for trial.  As noted above, there is little chance of that happening.  But even if it does,

the FTC and the State Attorneys General can assert the primacy of their cases at that time

(assuming the *Klein* complaints have not been dismissed); they can move to stay the trial of the

private actions or otherwise ask the two courts to address the sequencing of the trials as may be

appropriate.

*Finally*, Plaintiffs also claim this case should be exempted from the Local Rules because,

after years of acquiescence or inaction, they now claim that Facebook is an "ongoing" monopoly

that must be addressed urgently.  FTC Br. 4; States Br. 3.  But they have sought no preliminary

injunction to address any such claimed urgency, their cases are entirely (and improperly)

historical, and they do not even try to point to anything that Facebook is doing now that would

violate Section 2 or any other antitrust law.  *See Verizon Commc'ns Inc. v. Law Offices of Curtis*

*V. Trinko, LLP*, 540 U.S. 398, 407 (2004) (unlawful exclusionary conduct to acquire or maintain a monopoly may violate Section 2; mere possession of a monopoly does not).[2]

The parties agree on one point, however. *If* claims are ever determined to be adequately pleaded, in this Court and in California, *then* there will be a need for careful and rational coordination to avoid confusion, duplication of effort, and unwarranted burdens on the parties and the Courts. But that time has not yet arrived and – Facebook respectfully submits – should never arrive because its motions to dismiss should be granted. If it ever does arrive, Facebook will work cooperatively and in good faith to achieve necessary and appropriate coordination. For purposes of the instant motions before the Court to expedite discovery, however, this District's "eminently logical" rules should be followed. *Chavous*, 201 F.R.D. at 2 (internal quotation marks omitted).

## CONCLUSION

Facebook respectfully requests that the Court deny Plaintiffs' Motion To Compel a Rule 26(f) Meet-and-Confer.

---

[2] The authority the FTC cites does not support the relief Plaintiffs seek, because in those cases there was ongoing conduct that warranted expedition. In *United States v. Dentsply International, Inc.*, 190 F.R.D. 140 (D. Del. 1999), the court explained that governmental action there was "of special urgency" not as a general proposition but instead because the government sought "to enjoin ongoing anticompetitive conduct" (there, ongoing exclusive-dealing agreements). *Id.* at 145. In *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) (en banc) (per curiam), the district court ordered expedition of a government case where there was a past history of enforcement (a consent decree agreed to three years earlier), the government alleged ongoing violations of the antitrust laws, and the government sought a preliminary injunction, *see id.* at 47 – none of which is present here. Here, as in all of their many prior citations of *Microsoft*, Plaintiffs misconstrue both the holdings of *Microsoft* and its applicability to these cases.

Respectfully submitted,

May 6, 2021

/s/ *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Kevin B. Huff (D.C. Bar No. 462043)
Alex A. Parkinson (D.C. Bar No. 166695)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Facebook, Inc.*

-11-