IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | Case No.: 1:20-cv-03589-JEB |

**THE STATES' RESPONSE TO FACEBOOK'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

The States submit this response to Facebook's Notice of Supplemental Authority, ECF No. 126, attaching *Reveal Chat Holdco LLC v. Facebook, Inc.*, No. 5:20-cv-00363-BLF, 2021 WL 1615349 (N.D. Cal. Apr. 26, 2021). The *Reveal Chat* decision provides no basis whatsoever for applying laches in this case. Three important factors distinguish the States' case against Facebook from the *Reveal Chat* case.

First, the States bring this action as *parens patriae* in pursuit of their quasi-sovereign interests, to protect the well-being of their residents and the States' economies. The States bring this suit under Section 16 of the Clayton Act, 15 U.S.C. § 26, which also empowers private plaintiffs to bring suit. But unlike private litigants, the States presumptively bring federal antitrust claims in the public interest. *See* Opp'n 10–12, ECF No. 121. In a case brought by a private entity, there might be a concern that the plaintiff is using antitrust litigation to harm a competitor or otherwise secure a market advantage; that concern simply is not present here.

Second, the *Reveal Chat* plaintiffs' claims differ in significant ways from the claims brought by the States. The *Reveal Chat* decision focused on a specific change in policy that had a

direct and singular impact on those plaintiffs. 2021 WL 1615349, at *1. In contrast, the States allege that Facebook has engaged in an ongoing course of conduct to implement its buy-or-bury strategy. *See* Opp'n 12–13. The *Reveal Chat* court held that the plaintiffs there suffered injury at the time Facebook terminated their access to its APIs in 2015. 2021 WL 1615349, at *2–3. In doing so, the Court declined to consider more recent conduct, reasoning that such conduct did not harm the particular Plaintiffs in that case. That reasoning is inapplicable to a government enforcement action such as this one, which is brought in the public interest and alleges a broad and ongoing course of conduct harming the States' citizens, harms that continue to the present. *See* Opp'n 14, 44–45.

Finally, the *Reveal Chat* decision focuses almost exclusively on the statute of limitations, only addressing laches in a single sentence. 2021 WL 1615349, at *5. The decision does not address the questions of fact inherent in Facebook's claim that the States' allegations of a continuing course of conduct are barred by laches, or Facebook's burden to demonstrate prejudice (a burden that is heightened in the context of a government enforcement action such as this one). *See* Opp'n 10, 15. Nor does it discuss the significant public policy in favor of antitrust enforcement by the States, or any other equitable concern necessary to evaluate whether laches should apply.

DATED: April 30, 2021                                    Respectfully Submitted,

                                              FOR PLAINTIFF STATE OF NEW YORK
                                              LETITIA JAMES
                                              Attorney General

                                              */s/ Zachary W. Biesanz*
                                              Zachary W. Biesanz
                                              Assistant Attorney General

Christopher D'Angelo (D.C. Bar No. 502220)
    Chief Deputy Attorney General
Elinor R. Hoffmann, Antitrust Bureau Chief
Kevin Wallace, Senior Enforcement Counsel
Benjamin Cole, Assistant Attorney General
Nathaniel Kosslyn, Assistant Attorney General
Beatriz Marques, Assistant Attorney General
Amber Wessels-Yen, Assistant Attorney General

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8284
Email: Zach.Biesanz@ag.ny.gov

*Counsel for Plaintiff State of New York*