IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 1:20-cv-03589-JEB |

**FACEBOOK, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Facebook, Inc. hereby notifies this Court of the decision of the United States District Court for the Northern District of California in *In re Google Digital Advertising Antitrust Litigation*, No. 5:20-cv-003556-BLF, ECF No. 143 (N.D. Cal. May 13, 2021) (attached as Exhibit A). The *In re Google* decision – granting, without prejudice, defendant Google's motion to dismiss a putative class action lawsuit alleging that Google violated Section 2 of the Sherman Act, 15 U.S.C. § 2 – bears on several arguments in Facebook's pending motion to dismiss. *See* FB States Br., ECF No. 114-1; FB States Reply, ECF No. 123.

1.    In *In re Google*, the district court determined that the allegations supporting the plaintiffs' alleged relevant antitrust market – "online display advertising services" – were insufficient to survive a motion to dismiss. *See* Ex. A at 5-6. Among other deficiencies, the court was "particularly concerned that Plaintiffs' market excludes social-media display advertising and direct negotiations," explaining that the plaintiffs had not alleged sufficient "*facts* that indicate that the categories excepted from the identified market are not economic substitutes." *Id.* at 6 (emphasis added). The court added that it is "not sufficient for Plaintiffs to

allege, for example, that '[t]he close-ended advertising services offered by Facebook, Amazon, Twitter, and Snapchat (among other web businesses) are not . . . reasonable substitutes for the open-ended system Google offers and do not compete for the same business.'" *Id.* (quoting complaint; alterations in original). The court "recogniz[ed] that market definition can be largely factual in nature," but required more than such conclusory pleading to survive the *Twombly* and *Iqbal* standard. *Id.* The *In re Google* decision and its reasoning support Facebook's argument that deficiencies in the States' alleged market warrant dismissal under Rule 12(b)(6). *See* FB States Br. 22; FB States Reply 20.

    2.    The *In re Google* district court also "generally credit[ed]" the defendants' arguments that the plaintiffs had not "alleged actionable anticompetitive conduct." Ex. A at 6-7. The court "reject[ed]" the plaintiffs' "suggestion that their theory may rest on pleadings of the anticompetitive *effects* of Google's conduct." *Id.* at 7. In giving the plaintiffs leave to replead their claim as to "anticompetitive *acts*," the court stated that "[m]ere possession of monopoly power will not be found unlawful unless it is accompanied by an element of anticompetitive *conduct*." *Id.* at 7-8 (internal quotation marks and brackets omitted). The *In re Google* court added that, absent fresh *conduct* allegations, the Sherman Act's four-year statute of limitations would pose "a significant problem to Plaintiffs' acquisition-based allegations." *Id.* at 8. This reasoning supports Facebook's argument that the States' claims predicated on historical conduct should be dismissed under the doctrine of laches. *See* FB States Reply 10-11.

    3.    The *In re Google* district court also had "serious concerns that some of Plaintiffs' allegations rely on a 'duty to deal' theory of antitrust." Ex. A at 8. The plaintiffs there alleged that Google had made it more difficult for rivals' advertising "systems" to "interface" with Google's "own advertising service systems," hampering competition. First Am. Consol. Class

Action Compl. ¶ 135, *In re Google Digital Advertising Antitrust Litig.*, No. 5:20-cv-003556-BLF, ECF No. 52 (N.D. Cal. Dec. 4, 2020).  Citing several cases, including *Trinko*, the court observed that the plaintiffs' allegations ran into well-established precedent holding that "a monopolist has no duty to help its competitors survive or expand when introducing an improved product design." Ex. A at 8 (internal quotation marks omitted).  And citing cases applying that precedent, including *Reveal Chat*, the court stated that it was "unlikely to entertain any allegations based solely on the Supreme Court's reasoning in *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585 (1985)," emphasizing the paucity of "'existing exceptions from the proposition that there is no duty to aid competitors.'" *Id.* at 8-9 (quoting *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 411 (2004); citing *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 471 F. Supp. 3d 981, 1002 (N.D. Cal. 2020)).  This reasoning supports Facebook's argument that binding precedent forecloses the duty-to-deal allegations related to Facebook's Platform policies.  *See* FB States Br. 28; FB States Reply 24.

Respectfully submitted,

May 17, 2021

/s/ *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
Aaron M. Panner (D.C. Bar No. 453608)
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Leslie V. Pope (D.C. Bar No. 1014920)
L. Vivian Dong (D.C. Bar No. 1722506)
Alex A. Parkinson (D.C. Bar No. 166695)
Ana Nikolic Paul (D.C. Bar No. 1531904)
Julius P. Taranto (D.C. Bar No. 230434)
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
mhansen@kellogghansen.com

*Counsel for Defendant Facebook, Inc.*